IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-457-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

## I. INTRODUCTION

In a Memorandum Opinion and Order signed September 27, 2012, the court denied

petitioner Michael Jones' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

(D.I. 39; D.I. 40) Presently pending before the court is Jones' "motion to reconsider/reargue"

the denial of his habeas petition.

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e)

or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule

59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v.*

*Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance,"Rule 60(b) allows a party to seek relief

from a final judgment, and request reopening of his case, under a limited set of circumstances

including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524,

528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the

trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device [] used to allege legal error," *Fiorelli*, 337 F.3d at 288, and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

Jones has not identified the authority by which he is seeking reconsideration. However, because he filed the instant motion within twenty-eight days after the entry of the court's judgment,[1] the court will treat the motion as filed pursuant to Rule 59(e). *See, e.g., Holsworth v.*

---

[1]Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Jones' petition on September 27, 2012. (D.I. 39; D.I. 40) The instant motion is dated October 3, 2012, the envelope in which the motion was mailed is post-marked October 6, 2012, and the motion was docketed on October 10, 2012. (D.I. 41) All of these dates fall well within the twenty-eight day period provided for in Rule 59(e).

*Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

Jones' motion asserts the following three "new facts" in support of his motion for reconsideration: (1) he did not have a full and fair opportunity to litigate his Fourth Amendment claim (claim one) because the motion to suppress filed by defense counsel was a motion to suppress a certain witness statement and not Jones' illegal arrest; (2) the court should find that he had cause for his procedural default of claims two, three, four, and five because he was not represented by counsel in his Rule 61 proceeding in the Superior Court, despite a court order requiring such representation; and (3) if the court does not find cause for Jones' default, the court should at least issue an order requiring Jones' Rule 61 motion to be "brought back" to the Delaware Superior Court and also require that an attorney be appointed to represent Jones in that new Rule 61 proceeding. (D.I. 41)  Although Jones contends that these arguments constitute "new facts" warranting reconsideration, the court disagrees.  First, these arguments do not constitute "newly discovered evidence" for Rule 59(e) purposes, because Jones clearly had knowledge of these "facts" well before the court denied habeas relief. *See Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011)("new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.")  Second, these "new facts" are not "facts" at all, but rather, Jones' attempt to reargue issues already decided.  Accordingly, the court concludes that the instant Rule 59(e) motion does not warrant reconsideration of its decision.

## IV.  CONCLUSION

For the aforementioned reasons, the court will deny Jones' motion for reconsideration.  In addition, the court will not issue a certificate of appealability, because Jones has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997);  3d Cir. LAR 22.2 (2011). A separate order will be entered.

Oct 26, 2012
_____
DATE

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL JONES,             )
                                )
          Petitioner,       )
                                )
      v.                     )   Civil Action No. 09-457-GMS
                                )
PERRY PHELPS, Warden, and  )
ATTORNEY GENERAL OF     )
THE STATE OF DELAWARE,   )
                                )
          Respondents.    )

## ORDER

At Wilmington this _____26th_____ day of _____Oct._____, 2012;

For the reasons set forth in the Memorandum issued this date, **IT IS HEREBY**

**ORDERED** that:

1. Petitioner Michael Jones' motion for reconsideration is **DENIED**.  (D.I. 41)

2. The court declines to issue a certificate of appealability.

_____
CHIEF, UNITED STATES DISTRICT JUDGE